Craig NETTERVILLE, Appellant,

v.

INTERFIRST BANK, Beaumont, Texas, Appellee.

No. 09 86 003 CV.

Court of Appeals of Texas, Beaumont.

Oct. 23, 1986.

Rehearing Denied Nov. 12, 1986.

Robert Grossheim, Dryden, Watson, Grossheim & Jamail, Beaumont, for appellant.

O.J. Weber, Gene M. Williams, and Roger D. Hepworth, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

This is an appeal from the granting of a motion for summary judgment in a Texas Deceptive Trade Practices Act (DTPA) case.

Craig Netterville (Netterville) had a passbook savings account with Interfirst Bank (Bank) which had been in existence sometime prior to the events described in the lawsuit. In October 1984, the bank sent a notice to all its passbook savings account holders that effective January 1, 1985, a $10 per quarter service charge would be assessed to any account whose balance dropped below $300 during the quarter. An additional reminder about the service charge was sent out in the year-end statement. Service charges were assessed against Netterville's account at the end of the first and second quarters of 1985.

Netterville filed suit alleging a violation of the DTPA contending that deducting the service charge was totally unnecessary, unconscionable, and the amount was unreasonable. He sought actual damages of $20, exemplary damages of $100,000, and attorney's fees of $10,000.

The bank's summary judgment motion alleged that there were no material fact issues because (1) Netterville had no cause of action under the DTPA as he was not a consumer and his only remedy was that of breach of contract, (2) he could not proceed under the DTPA because he had not given the requisite notice and (3) there was no violation of the DTPA because the Bank had complied with statutory notice requirements in assessing the service charge.

■ Because the trial court entered an order which did not state the grounds upon which it was granted, the party appealing must show that each of the independent arguments alleged in the motion are insufficient to support the order. *McCrea v. Cubilla Condominium Corp.*, 685 S.W.2d 755 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). The Bank makes an initial argument that Netterville was required to furnish some evidence in opposition to the motion for summary judgment citing *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934 (Tex.1972). This is true if evidence were required. However, the grounds for this summary judgment are all questions of law.

■ Whether or not a plaintiff is a consumer under the DTPA is a question of law to be determined from the evidence. *First Federal Sav. & Loan Assn. v. Ritenour*, 704 S.W.2d 895 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). The bank presented no summary judgment evidence as to whether or not the holder of a passbook savings account was being offered any services by the bank.[1] Their argument simply sought to equate a passbook savings account with a loan, *see Riverside Nat. Bank v. Lewis*, 603 S.W.2d 169 (Tex. 1980), or a certificate of deposit, *First State Bank, Morton v. Chesshir*, 613 S.W.2d 61 (Tex.Civ.App.—Amarillo 1981), *rev'd on other grounds*, 620 S.W.2d 101 (Tex.1981). Netterville's argument sought

---

1. It is interesting to note, in passing, that while the bank argues that the passbook account does not offer the services as in a checking account, they describe the charge as a "service" charge.

to equate it with a checking account, *La Sara Grain Company v. First Nat. Bank of Mercedes,* 673 S.W.2d 558 (Tex.1984). The question of Netterville's status is, in our view, unresolved. The Bank presented no evidence on this issue and thus Netterville was not required to refute any summary judgment proof. We need not address the issue other than to hold that the Bank failed, in its summary judgment proof, to show that there is no material issue of fact.

■ Next, we consider the Bank's contention that the failure to receive any type of notice is grounds for summary judgment in a DTPA case. We find no case to support this position. To the contrary, we find authority that the trial court should abate the suit for thirty days, to encourage the basic purpose of the act, that is, either settlement, or cure. *Hollingsworth Roofing Co. v. Morrison,* 668 S.W.2d 872 (Tex. App.—Fort Worth 1984, no writ).

■ The last possible ground for sustaining the granting of the summary judgment is the proposition that because the bank complied with a requirement that before they may amend a depository contract they must give written notice, *TEX.REV. CIV.STAT.ANN. art. 342-701* (Vernon Supp.1986), it could not have violated the DTPA. Once again, this is a question of law and Netterville was not required to present any summary judgment evidence. The suit was one based on the premise that the assessment of the charge was unconscionable, not that it was done without notice or in violation of any notice provision. Compliance with the notice provision would not, as a matter of law, make an unconscionable amendment of a depository contract conscionable. The bank simply did not put forth any summary judgment evidence from which the trial judge could make a determination that the bank did not act in an unconscionable manner when it initiated the service charge. Thus, a material fact issue remains.

The judgment of the trial court is reversed and the case remanded.

REVERSED AND REMANDED.